**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WAYNE MURRAY MIKEAL,

    Plaintiff,

v.                                          Case No. 6:18-cv-294-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,[1]

    Defendant.
_____

**O R D E R**

This cause is before the Court on Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. §406(b) (Doc. No. 25; "Motion"), filed August 24, 2021. Plaintiff's counsel seeks an award of $8,195.70 pursuant to 42 U.S.C. § 406(b). See Motion at 1, 7. This amount equals twenty-five percent of Plaintiff's past-due benefits ($50,038.00 in benefits; $12,509.50 in fees) minus the $4,313.80 previously awarded to him pursuant to the Equal Access to Justice Act ("EAJA"). Motion at 2. The Notice of Award represents that the

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Administration withheld $12,509.50 from Plaintiff's past-due benefits amount for payment of attorney's fees. Notice of Award (Doc. No. 25-2) at 3.[2] Defendant does not oppose the relief requested in the Motion. Motion at 3.

Section 406(b)(1)(A) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 139 S. Ct. 517, 519 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 522.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section] 406(b) does not displace contingent-fee agreements as the primary means by

---

[2] For ease of reference, citations to the Notice of Award are in accordance with the Court's electronic case filing system (CM/ECF). Additionally, while the Administration did not send Mr. Culbertson a copy of the Award letter indicating the amount withheld for attorney's fees, he was able to obtain a copy from Plaintiff's administrative attorney. See Motion at 3.

2

which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citation omitted); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time

3

spent on the case, and the likelihood of the claimant prevailing. See Gisbrecht, 535 U.S. at 808. Additionally, an attorney who successfully claims both EAJA fees from the United States and an award under 42 § U.S.C. 406(b) must refund "to the claimant the amount of the smaller fee." Id. at 796.

Here, counsel indicates he "provided legal service as agreed, and this Court reversed the decision of the Commissioner . . . and remanded the case for further administrative proceedings[,] which ultimately resulted in an award of past-due Social Security Disability benefits in the amount of $50,038.00[ ]." Motion at 2 (citations omitted). Plaintiff and counsel entered into a fee arrangement providing for a fee of twenty-five percent of past-due benefits. Id.; see Retainer Agreement- Federal Court Appeal (Doc. No. 25-1). Upon review of the representations made in the Motion and all supporting documentation submitted by counsel, and upon consideration of the quality of the representation and the results achieved, the undersigned finds the amount requested is reasonable.

For the foregoing reasons, it is

**ORDERED**:

1. Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. §406(b) (Doc. No. 25) is **GRANTED**.

2. Plaintiff's counsel, Richard A. Culbertson, is awarded $8,195.70 pursuant to 42 U.S.C. § 406(b), which shall be paid from the past-due benefits awarded to Plaintiff. The Commissioner shall now pay Mr. Culbertson the sum of $8,195.70 from the past-due benefits withheld. Any remainder of the withheld past-due benefits shall be paid directly to Plaintiff.

3. The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 28, 2021.

                        */s/ James R. Klindt*
                        JAMES R. KLINDT
                        United States Magistrate Judge

keh
Copies to:
Counsel of Record